IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01736-KLM

GREGORY MORRIS SANDERS,

      Plaintiff,

v.

ALAN WERNER, I.D. #4861 - CDOC via CCI @ ACF - Trans. Supervisor, in his individual capacity only,

      Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant's **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#50][1]  (the "Motion").  Plaintiff, who is proceeding pro se,[2] filed a Response [#69] in opposition to the Motion.  The Court has reviewed the Motion, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#50] is **GRANTED**.[3]

_____

[1]  "[#50]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[2]  The Court must construe liberally the filings of a pro se litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3]  This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties.  *See* [#51, #52, #53].

## I. Background

The following allegations from the Third Amended Complaint [#45] are accepted as true for purposes of adjudicating the Motion [#50].  *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).  On June 12, 2017, Plaintiff, an inmate incarcerated with the Colorado Department of Corrections, was working for Colorado Correctional Industries at Arrowhead Transportation.  *Third Am. Compl.* [#45] at 5.  He alleges that he was "deleteriously injured, by a previously reported defective trailer pull-down door, while having instinctively assisted his struggling co-worker with pulling the stuck door down, when two of his fingers were caught between a **bumperless** section of the defectively-stuck door and perniciously-crushed to the bones—causing amputation and permanent disfigurement." *Id.* (emphasis in original).  He further explains that the trailer pull-down "door's pinch-point rubber **bumpers** were not only missing from the pinch-points but altogether entirely missing from the doors."  *Id.* at 8.  Plaintiff states that he had previously warned Defendant Alan Werner ("Werner"), the Transportation Supervisor, more than once that the door "was not functioning properly, as the door would become stuck in places along the rails in which housed the doors [sic] rollers."  *Id.* at 5-6.  Plaintiff also states that he should have "been provided with relevant on-the-job training, thereby such training would have impressed upon the Plaintiff an alternative safer method by which to have assisted with the stuck door."  *Id.* at 6.  Plaintiff states that, "at the Arrowhead Correctional Facility Transportation Division, there exists a subculture of masculinity as a backdrop for Defendant Werner's deliberate indifference," and that "Defendant Werner's view of those 'offenders' whom [sic] are visibly endowed with attributes of physical strength are those whom he was not

necessarily concerned with when they used defective equipment because they were expected to use their brute strength to overcome the limitations of the defective tools by accomplishing their tasks by relying on their prodigious strengths." *Id.* at 6-7.

As a result of these events, Plaintiff asserts claims against Defendant Werner in his individual capacity for deliberate indifference to a substantial risk of harm under both the Eighth and Fourteenth Amendments.[4] *Id.* at 5, 7.  He requests $250,000 in compensatory damages plus punitive damages.  *Id.* at 13.  In the present Motion [#50], Defendant seeks dismissal of all claims against him pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted").  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible

---

[4] Although Plaintiff separates his claims into a Claim One and a Claim Two, each consisting of an Eighth Amendment claim and a Fourteenth Amendment claim, the Court finds the basis of the claims are so entwined that they can and should be discussed simultaneously.  Thus, in the Analysis section below, the Court discusses Plaintiff's Fourteenth Amendment claims together and his Eighth Amendment claims together as well.

on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] [ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

## III. Analysis

### A. Fourteenth Amendment

Defendant's Motion [#50] primarily focuses on Plaintiff's failure to state a substantive or procedural due process claim. In his Response [#69], Plaintiff clarifies the basis for his claims under the Fourteenth Amendment, stating that "[t]he Fourteenth Amendment's Due

Process Clause imposes, at a minimum, the same duty the Eighth Amendment imposes with respect to a prisoners [sic] established right to not have officials remain deliberately indifferent to their serious safety needs in their work-place and living environments." *Response* [#69] at 13.

Plaintiff's "attempt to invoke the protections of the Fourteenth Amendment in addition to those offered by the more specific constitutional guarantees implicated by each of those claims is inappropriate." *See Carbajal v. St. Anthony Cent. Hosp.*, No. 12-cv-02257-REB-KLM, 2013 WL 4799654, at *4 (D. Colo. Sept. 6, 2013) (internal footnote omitted). "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citation and internal quotation marks omitted)); *see also id.* at *4 n.7 (noting that "this same rationale applies to claims implicating the procedural protections of the Fourteenth Amendment as well" (citing *Becker v. Kroll*, 494 F.3d 904, 919 (10th Cir. 2007)). Here, Plaintiff's Response [#69] makes clear what is implied in the Third Amended Complaint [#45], i.e., that Plaintiff is invoking the same protections under the Fourteenth Amendment as he is for his Eighth Amendment claims. Because his Fourteenth Amendment claims "implicate rights protected by specific constitutional guarantees" under the Eighth Amendment, Plaintiff's Fourteenth Amendment claims are properly dismissed. *See Carbajal*, 2013 WL 4799654, at *4.

Accordingly, the Motion [#50] is **granted** to the extent that Plaintiff's Fourteenth Amendment claims are **dismissed with prejudice**. *See Reynoldson v. Shillinger*, 907

F.2d 124, 127 (10th Cir. 1990) (holding that prejudice should attach to a dismissal when the plaintiff has not made allegations "which, upon further investigation and development, could raise substantial issues").

## B.   Eighth Amendment

"An Eighth Amendment conditions-of-confinement claim has both a subjective and objective component: 'courts considering a prisoner's claim must ask both if the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'" *Savage v. Fallin*, __ F. App'x __, __, No. 20-6025, 2021 WL 445944, at *3 (10th Cir. Feb. 9, 2021) ("*Savage II*") (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).  "An official is not liable 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Savage II*, 2021 WL 445944, at *3 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"For the objective component, 'only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Savage II*, 2021 WL 445944, at *3 (quoting *Hudson*, 503 U.S. at 9).  In other words, the plaintiff must provide allegations objectively showing that he was "incarcerated under conditions posing a substantial risk of harm." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006).

The subjective element of an Eighth Amendment claim requires the plaintiff to "'plausibly suggest that the [defendant-officials] were personally aware of conditions at [the facility] giving rise to a substantial risk that inmates would suffer serious harm'" and that the

defendant-officials "disregard[ed] that risk by failing to take reasonable measures to abate it." *Savage II*, 2021 WL 445944, at *4 (quoting *Savage v. Fallin*, 663 F. App'x 588, 594 (10th Cir. 2016) ("*Savage I*")); *Farmer*, 511 U.S. at 837 (describing the standard as "excessive risk to inmate health or safety").  The conditions complained about must rise above "the level of discomfort or inconvenience" in order to be "sufficiently serious to support an Eighth Amendment claim." *Savage II*, 2021 WL 445944, at *4 (quoting *Savage I*, 663 F. App'x at 592).

"Prison workplaces, like other conditions of confinement, are covered by the Eighth Amendment." *Franklin v. Kan. Dep't of Corrs.*, 160 F. App'x 730, 736 (10th Cir. 2005). "'In the work assignment context, prison officials are deliberately indifferent when they knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their health, or which is unduly painful.'" *Id.* (citation omitted). However, "[t]he Eighth Amendment generally does not constitutionally embrace workplace safety regulations." *Id.* Thus, "[a] lack of workplace safety policies or training does not necessarily establish deliberate indifference." *Id.*; *see, e.g.*, *id.* (holding that the inmate's "allegations indicate that defendants may have negligently failed to ensure that inmates were informed of and used proper lifting techniques," but that "[n]egligence does not rise to the level of an Eighth Amendment violation").

Although Plaintiff attempts to frame the issues otherwise, this case describes, at most, a quintessential situation of negligence,[5] but "[n]egligence is not enough." *Landon v. Blumer*, 826 F. App'x 695, 697 (10th Cir. 2020) (citing *Self v. Crum*, 439 F.3d 1227m

---

[5]  To be clear, the Court makes no formal finding that Plaintiff's allegations are sufficient to state a negligence cause of action.

1230 (10th Cir. 2006)).  "[D]eliberate indifference describes a state of mind more blameworthy than negligence."  *Farmer*, 511 U.S. at 835; *see also id.* at 837 (explaining that "deliberate indifference [lies] somewhere between the poles of negligence at one end and purpose or knowledge at the other").  Many cases are brought by inmates regarding allegedly cringeworthy conduct, but even cases of severe injury, like here, do not automatically conclude with a finding that more than negligence has occurred and that the claims constitute violations of the right to be free of cruel and unusual punishment.  *See, e.g.*, *Crowson v. Washington County, Utah*, 983 F.3d 1166, 1180 (10th Cir. 2020) (holding that a nurse's conduct in taking some but insufficient steps to care for a seriously ill inmate "may have been negligent, but it was not deliberately indifferent").

The only allegations about what Defendant subjectively knew are as follows: (1) "Defendant Werner was apprised verbally by Plaintiff Sanders on multiple occasions prior to incident injury that the subject matter door, among other tools and equipment, was not functioning properly, as the door would become stuck in places along the rails in which housed the doors [sic] rollers," *Third Am. Compl.* [#45] at 5-6; (2) Defendant Werner did not "repair[ ], replace[ ] or remove[ ] the defective door from service," *id.* at 5; (3) Defendant Werner generally expected "'offenders' whom [sic] are visibly endowed with attributes of physical strength . . . to use their brute strength to overcome the limitations of the defective tools by accomplishing their tasks by relying on their prodigious strengths," *id.* at 6-7; and (4) Defendant Werner was supervising Plaintiff at the time of the accident, *id.* at 7.[6]  These

---

[6]  The Court has also reviewed the few additional allegations provided by Plaintiff in his Response [#69] and his Second Amended Complaint [#27], which he purportedly incorporates into the Third Amended Complaint [#45], but none of these additional allegations materially affects the Court's adjudication of the present Motion [#50].

allegations, taken separately or in combination, do not show that Defendant Werner was subjectively aware of a "substantial" or "excessive" risk to the inmates' safety. Rather, they simply show that he knew that there was a sliding door that would sometimes become stuck and that would need to be forced along its rollers. Although the Court could conceive of particular circumstances where there might be an obvious safety risk regarding a sliding door, Plaintiff has not provided enough allegations here to nudge his claim over the line from "possible" to "plausible." *See Robbins*, 519 F.3d at 1247.

The Court's conclusion is bolstered by many examples of cases where courts have reached similar conclusions on analogous sets of allegations. For example, in *Carter v. Zavaras*, 59 F.3d 178 (Table), at *1 (10th Cir. June 30, 1995), the Tenth Circuit Court of Appeals agreed with the district court that the Eighth Amendment standard was not met where the inmate lost portions of two fingers and alleged that the prison officials knew that the table saw at the refurbishing shop lacked a safety guard, because the allegations "indicat[ed], at most, negligence giving rise to the unfortunate accident causing permanent injury to his hand." In *Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir.1991), *cert. denied*, 502 U.S. 1110 (1992), the Eighth Circuit Court of Appeals held that an inmate's Eighth Amendment claim did not rise above the level of negligence, where the inmate alleged that he lost portions of two fingers in the gears of a machine, after prison officials ignored the fact that guards covering the gears had been removed. In *Arnold v. South Carolina Department of Corrections*, 843 F. Supp. 110, 113 (D.S.C.1994), the court similarly held that an inmate's Eighth Amendment claim did not rise above the level of negligence where the inmate was severely burned by a malfunctioning steam pot, even though the inmate had alleged that his kitchen supervisors were aware of the pot's faulty condition. In *Brent*

-9-

*v. McQuiggin*, No. 2:09-cv-168, 2010 WL 3720010, at *4 (W.D. Mich. Sept.17, 2010), the court held that the Eighth Amendment standard was not met where the inmate's finger was cut off in a meat/bread machine because he was not properly trained and was not given the required gloves.

These cases can be contrasted where the excessive risk to inmate safety was obvious enough to state a claim. For example, in *Gill v. Mooney*, 824 F.2d 192 (2d Cir. 1989), the Second Circuit Court of Appeals held that the standard was met where an officer required the inmate to continue working on a defective ladder even though the officer knew the ladder was unsafe. In *Hall v. Bennett*, 379 F.3d 462, 464-65 (7th Cir. 2004), the Seventh Circuit Court of Appeals held that an inmate may have a claim where supervisors knew that the inmate was inadequately trained and could suffer a severe electrical shock from working on a live wire without protective gloves, which he was refused. In *Ambrose v. Young*, 474 F.3d 1070, 1078 (8th Cir. 2007), the Eighth Circuit held that the standard was met where the defendant required the inmate to stomp out a fire burning near the known risk of a dangling live power line.

In short, although Plaintiff's severe and permanent injury is certainly tragic, the Court cannot find based on the allegations in the Third Amended Complaint [#45] that Defendant Werner was subjectively aware of an excessive risk to inmate safety so as to sufficiently state a claim for deliberate indifference to inmate safety under the Eighth Amendment. Accordingly, the Motion [#50] is **granted** to the extent that Plaintiff's Eighth Amendment claims are **dismissed without prejudice**. *See Reynoldson*, 907 F.2d at 127.

## IV.  Conclusion

-10-

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#50] is **GRANTED**. Plaintiff's Fourteenth Amendment claims are **DISMISSED with prejudice**, and Plaintiff's Eighth Amendment claims are **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to **CLOSE** this case.

Dated:  March 8, 2021                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge